[Civ. No. 4363. First Appellate District, Division Two.—November 24, 1922.]

H. LIEBES & COMPANY (a Corporation), Appellant, v. UNITED STATES CASUALTY COMPANY (a Corporation), Respondent.

[1] BURGLARY INSURANCE — THEFT OF GOODS FROM SHOW WINDOW — EVIDENCE—CONSTRUCTION OF POLICY.—In this action to recover upon a policy of burglary insurance issued by defendant to plaintiff, the trial court was justified in determining that the platform of polished oak, three feet wide and thirteen inches high, which extended across the front of plaintiff's store immediately behind the glass front which separated such platform from the street, and upon which the stolen goods had been placed for the purpose of display, constituted a "show window," within the meaning of that term as used in the limited liability clause of the policy issued by defendant, notwithstanding such platform was also used in part for other purposes, such as housing meters and mechanical devices or as a seat for customers within the store.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leon E. Morris and Edward M. Jaffa for Appellant.

Chickering & Gregory for Respondent.

---

Evidence in action on policy of burglary insurance, note, Ann. Cas. 1913C, 1180.

LANGDON, P. J.—This is an appeal by the plaintiffs from a judgment against the defendant for $200 in an action to recover upon a policy of burglary insurance issued by defendant to the plaintiff. Appellant contends that the judgment in its favor should have been for $1,885, the agreed value of the property which was stolen.

[1] It is conceded, however, that if the condition marked "t" in the policy applies to the facts in the instant case, the judgment must be affirmed. That condition reads as follows: "The company shall not be liable for any loss of or damage to . . . (t) Merchandise contained in a show window in the premises for an amount in excess of $200.00 occasioned by any person or persons who, from the outside of the premises, breaks the glass in any such show window."

We are asked to determine whether or not the goods stolen were contained within a show window, as the words are used in condition "t" of the policy. It is the contention of appellant that there was no show window in the store, but that this store was of the type known as "glass front." The case was submitted to the trial court upon a stipulation as to facts.

The trial court, having reached the conclusion that the goods which had been stolen were contained in a "show window," gave judgment in favor of appellant and against respondent in the sum of $200. From the agreed statement of facts and the exhibits attached thereto we think the court could have reached no other conclusion, for from these it appears that a platform of polished oak, three feet wide and thirteen inches high, extended across the front of the store immediately behind the plate glass. On the surface of this platform, or on racks placed thereon, the goods which were stolen had been placed for the purpose of display to persons passing along the sidewalk or within the store. The goods were removed from the platform by a person or persons from the outside of the premises, who broke the plate glass separating the platform from the street. While, with the exception of a doorway, the plate glass extended across the front of the building in two sections, and there were no walls or curtains behind the platform to interfere with the view of the entire interior of the store from a position outside of the plate glass front, nevertheless, the fact re-

mains that the goods stolen were placed upon the platform behind the plate glass to catch the eye of the traveling public, and the use of the platform behind the plate glass indicates clearly that it was in fact, and was intended to be, a "show window." It is quite immaterial that it was used in part for other purposes, such as housing meters and mechanical devices or as a seat for customers within the store.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1923.

All the Justices concurred.